## JOHNSON vs. MARTIN.

In a showing for a continuance by a defendant, he swore that he expected to prove by an absent witness that he had turned over notes to the plaintiff's agent, which that agent " was to apply to the

note sued on." *Held*, That this meant, that the notes were received *in payment* of the note sued on ; and, therefore, that the showing was sufficient.

Assumpsit, from Spalding county. Tried before Judge CABANISS, at November Term, 1858.

Upon this case being called for trial, the defendant moved for a continuance, and in support of his motion submitted the following affidavit :

"Georgia,      ⎱ He, the defendant, states that he Spaulding County, ⎰ has two witnesses in said case who are absent, without his procurement or consent, namely : W. R. Phillips, and M. M. Lockhart; that W. R. Phillips has been subpœned, and that he resides in the county of Spaulding—that he expects to prove by him, that Egbert Daniel was the agent of the plaintiff, and as such agent of the plaintiff, received from the defendant notes to the amount of about five hundred and fifty-eight dollars, which he was to apply to the note sued on by the plaintiff in this case, which this defendant relies on in his defence as payment to that extent of said note. That he expected to prove by Lockhart the admission of said agent, that he had received said notes from this defendant— that said Lockhart from the best of defendant's information and belief, now resides in the State of Alabama ; and that he has so recently left this State that it has not been in defendant's power to take his depositions—that he endeavored to take them, but could not get the interrogatories crossed in another case in which said Daniel was a party."

The court refused the motion for a continuance, on the ground that the affidavit did not specify what particular notes had been received by plaintiff's agent, nor the amount due thereon, nor was it stated that defendant expected to prove that said notes had been collected, and. that he was entitled to credit for the amount thus col-

Johnson vs. Martin.

lected. And plaintiff was allowed to take a verdict for the full amount sued for. Whereupon counsel for defendant excepted, and assigned said decision as error.

ALFORD, and BECK, for plaintiff in error.

DANIEL & DISMUKE, and PEEPLES & CABANISS, *contra*.

*By the Court.*—BENNING, J., delivering the opinion.

Was the court below right in refusing the continuance?
That depends on this—was the matter which the defendant, the party moving for the continuance, expected to prove by either of the absent witnesses, pertinent to any of the issues?

Among the issues was, it seems, one on a plea of payment, and one on a plea of set-off.

The matter which the defendant in the case, Johnson, expected to prove by Phillips, was what is expressed in the following words of his affidavit, viz: "That Egbert P. Daniel was the agent of the plaintiff, and as such agent of the plaintiff, received from the defendant notes to the amount of about five hundred and fifty-eight dollars, which he was to apply to the note sued on by the plaintiff in this case, which the defendant relies on in his defence, as payment to that extent."

As we interpret these words, the meaning is, that the "notes" turned over, were to go in *payment* of the note sued on. It is not said that the *proceeds* of the notes were to be applied to the payment of the note sued on, but that the notes themselves were to be so applied.

And if the notes were to be applied in payment, there was a payment by them, to the extent of what they amounted to; or a right to set them off against the note sued on.

Consequently, this matter was pertinent to one, if not to both of the issues aforesaid.

And we think that the matter was set forth in the showing for the continuance, with sufficient certainty. The evidence, if it had been present, would have had sufficient certainty about it, to require its admission.

We think, then, that the court below was *not* right in refusing the continuance.

Judgment reversed.